IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01323-BNB

LAWRENCE P. HANDY,

    Plaintiff,

v.

BEVERLY DOWIS, in her individual and official capacity as Health Service
    Administrator for Sterling Correctional Facility,
NICOLE WILSON, in her individual and official capacity as Chief Medical Officer
    for the Colorado Department of Corrections,
MEGHAN REED, in her individual and official capacity as ADA Inmate Coordinator
    for the State of Colorado,
PHYSICIAN HEALTH PARTNERS, INC. d/b/a/ Corrections Corporations, and
DR. STEVEN KREBS, in his individual and official capacity,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Lawrence P. Handy, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Handy, acting *pro se*, filed a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages and declaratory and injunctive relief. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe the Prisoner Complaint liberally because Mr. Handy is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records.

*See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Handy will be ordered to file an amended Prisoner Complaint.

In his first claim, which is more background information on his medical issues than a claim, Mr. Handy alleges that he is a 64-year-old prisoner classified under the Americans with Disabilities Act (ADA) as a mobility-disabled inmate who is suffering from liver and kidney pain attributable to prison drinking water that is toxic from high levels of uranium. He also alleges he suffers from degenerative knee joints, chronic renal failure, bilateral carpal tunnel syndrome, and other infirmities. He fails to allege against which named defendant the first claim is asserted.

The remainder of his eight claims appear to depend upon the assertions in claim one. In claim two, Mr. Handy alleges that Nicole Wilson, DOC chief medical officer, violated his Eighth Amendment rights concerning his medical needs without any explanation as to what medical needs Ms. Wilson violated and what acts she committed or failed to commit that violated those needs. In claim three, Mr. Handy makes the vague and conclusory allegation that Dr. Steven Krebs violated his Eighth Amendment rights by failing to approve his knee, hip, shoulder, back, and hand surgeries. In claim

2

four, Mr. Handy makes the vague and conclusory allegation that Correctional Health Partners, which is not a named defendant, and Dr. Krebs failed to enforce policies requiring a timely response to his and other inmates medical needs.

In claim five, Mr. Handy makes the vague and conclusory allegation that Dr. Meghan Reed, ADA inmate coordinator, and Drs. Dowis and Dr. Frantz, neither of whom is a named defendant, discriminated against him under the ADA by denying him unspecified clinical services and medications.  In claim six, Mr. Handy alleges that Dr. Reed and Dr. Dowis, who is not a named defendant, violated his rights under Section 504 of the Rehabilitation Act and discriminated against him under the ADA by denying him the benefits of the prison clinical services medical distribution program.  In claim seven, Mr. Handy makes the vague and conclusory allegation that Correctional Health Partners, which is not a named defendant, breached its contract with the State of Colorado, causing him physical pain, suffering, and economic loss, as well as other similarly situated inmates with serious medical needs.  In his final claim eight, Mr. Handy makes the vague and conclusory allegation that Lieutenant Bernadette Scott, coordinator for OCA, an acronym he fails to explain, violated his rights under the ADA and Eighth Amendment by moving him from his handicapped cell.

Mr. Handy lists additional parties on pages two and three of the Prisoner Complaint, ECF No. 1 at 2-3, who or which also are not listed as parties in the caption to the Prisoner Complaint.  They are Dr. Paul Franz, DOC chief medical officer; Dr. Joan Martin; and Johnson and Johnson Company.

Although Mr. Handy asserts jurisdiction based upon § 1983, he styles claims five and six as asserting ADA violations, apparently Title II of the ADA, and violations of

Section 504 of the Rehabilitation Act, both of which he fails to reference in the Prisoner Complaint under additional jurisdiction.  *See* ECF No. 1 at 4.  Mr. Handy also fails to allege facts indicating that he is a qualified individual with a disability who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and that exclusion, denial of benefits, or discrimination was because of a disability.  *See Anderson v. Colorado*, 887 F. Supp. 2d 1133, 1143 (D. Colo. 2012) (discussing the elements of Title II of the ADA and section 504 of the Rehabilitation Act).

The Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings

violate Rule 8.

Mr. Handy fails to assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim. Generally, Mr. Handy fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

It is Mr. Handy's responsibility to present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Handy must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or defendants be required to sift through Mr. Handy's vague and conclusory allegations to determine the heart of each claim.

The Prisoner Complaint also is deficient because Mr. Handy fails to allege facts that demonstrate each of the named defendants personally participated in the asserted constitutional violations. In order to state a claim in federal court, Mr. Handy "must

explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Handy should name as defendants in his amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Handy must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* [*v. Six*

> *Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Mr. Handy may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Handy uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, Mr. Handy may not cite to incidents involving other inmates as support for his claims. Mr. Handy's conditions-of-confinement claims must focus solely on how he has been injured, and not rely on allegations concerning other prisoners. The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464

(10th Cir. 1994).  Because Mr. Handy, in his allegations concerning other prisoners, fails to demonstrate any actual or threatened injury as a result of the conditions of his confinement, he lacks standing to assert claims concerning those conditions.  See *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  See *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Handy will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Mr. Handy is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may act as a dismissal with prejudice if Mr. Handy seeks to refile in this Court because the various limitations periods may have run on his ADA, Rehabilitation Act, and § 1983 claims.

Accordingly, it is

ORDERED that **within thirty (30) days from the date of this order** Plaintiff file an amended Prisoner Complaint that complies with the directives of this order.   It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case

manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing the amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, the Prisoner Complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 29th day of July, 2014.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge