IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01323-GPG

LAWRENCE P. HANDY,

    Plaintiff,

v.

JAMIE SOUCIE (12620), in her individual and official capacity as Health Services
    Administrator for Sterling Correctional Facility,
JAMEY VANMETER (13370), in her individual and official capacity as RN-3,
ANTHONY A. DECESARO, in his individual and official capacity: Grievance Officer;
    and
MARSHALL GRIFFITH, in his individual and capacity: Grievance Officer,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Lawrence P. Handy, is a prisoner in the custody of the Colorado Department of Corrections currently incarcerated at the correctional facility in Sterling, Colorado. Plaintiff initiated this action by submitting *pro se* a Prisoner Complaint that asserts a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. The Court reviewed the Complaint and directed Plaintiff to amend and comply with Fed. R. Civ. P. 8 and allege the personal participation of each named defendant. On August 28, 2014, Plaintiff filed an Amended Complaint.

The Court must construe Plaintiff's Amended Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act

as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, Plaintiff will be directed to file a Second Amended Complaint.

First, the Amended Complaint was not filed on the Court-approved form for filing a Prisoner Complaint.  In the Second Amended Complaint Plaintiff is directed to file, Plaintiff must use the Court-approved form in filing his Second Amended Complaint.

Second, the Amended Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able

to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Amended Complaint alleges that Defendants have delayed adequate medical care by not testing him "for contamination of a radiation elements of uranium" and denying his grievances. Plaintiff then simply asserts his legal claims as "(1) Deliberate indifference to medical needs; (2) Unsafe conditions; (3) Callous and dysfunctional health care facility (SCF Medical);" (4) Unreasonable care by denial of medical care; and (5) substantive due process, violation under the eighth and fourteenth Amendment of the United States Constitution." Plaintiff, however does not provide a short and plaint statement of the claims showing he is entitled to relief. Moreover, Plaintiff fails to assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim. Generally, Plaintiff fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

(10th Cir. 2005).

Although a decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion, see Atkins v. Northwest Airlines, Inc., 967 F.2d 1197, 1203 (8th Cir. 1992); Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969), the Court will give Plaintiff one last opportunity to cure the deficiencies in the Amended Complaint by submitting a Second Amended Complaint that meets the requirements of Rule 8.

Plaintiff is reminded that to state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation. See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. See Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993).

Finally, Plaintiff cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." Gallagher v. Shelton, 587 F.3d

1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"). Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file a Second Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. Plaintiff shall use the form in submitting his Second Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails to file a Second Amended Complaint that complies with this Order, within the time allowed, the Court may dismiss the Complaint and the action without further notice.

DATED January 14, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

---
United States Magistrate Judge