IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01323-GPG

LAWRENCE P. HANDY,

    Plaintiff,

v.

JAMIE SOUCIE, (12620) in her individual and official capacity: Health Service
    Administrator for Sterling Correctional Facility,
JAMEY VANMETER, (13370) in her individual and official capacity: RN-3 at Sterling
    Correctional Facility, and
ANTHONY A. DECESARO, in his individual and official capacity: Grievance Officer,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Lawrence P. Handy, is a prisoner currently incarcerated at the Sterling Correctional Facility in Sterling, Colorado.  Plaintiff initiated this action on May 12, 2014, by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983.  The Court reviewed the Complaint and directed Plaintiff to file an amended prisoner complaint that complied with Fed. R. Civ. P. 8 and alleged the personal participation of each named defendant.  On August 28, 2014, Plaintiff filed an Amended Prisoner Complaint (ECF No. 11).

    On January 14, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Amended Complaint and directed Plaintiff to file a second amended prisoner complaint on the proper Court-approved form.  Magistrate Judge Gallagher also informed Plaintiff that the Amended Complaint did not comply with Fed. R. Civ. P. 8 and failed to allege the personal participation of each named defendant.  Magistrate Judge Gallagher also explained that Plaintiff cannot maintain claims against prison officials or administrators on the basis that they denied his grievances.  On February 5, 2015, Plaintiff filed a

Second Amended Prisoner Complaint (ECF No. 17).

The Court must construe the Second Amended Complaint liberally because Plaintiff is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. See *id.*

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsections (e)(2)(B)(i) of § 1915 require a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Second Amended Complaint and the action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Under the "Nature of the Case" section of the Second Amended Complaint, Plaintiff alleges that he "put in medical kites to be tested for uranium contamination but Sterling Correctional Medical, did not set an appointment." He further alleges that Sterling Correctional Medical "first knew about the water being below standard for uranium" in February 2013, but did not give the inmates notice of the issue until August 2013. He alleges that given his "various health conditions and age," he should have been tested for uranium contamination and that "the six months delay has caused prolonged pain and unnecessary suffering." He seeks money damages and declaratory and injunctive relief.

Plaintiff asserts one claim titled, "Deliberate Indifference, To Medical Care" against the three named Defendants. Plaintiff specifically asserts that on April 29, 2014, Defendant Jamey VanMeter denied his Step 1 grievance and failed "to use reasonable care in denying medical care to the Plaintiff." Plaintiff further asserts that on May 15, 2014, Defendant Jamie Soucie, granted his Step 2 grievance in part by telling him to submit a kite to request an appointment for uranium testing but he "was never seen." Plaintiff finally alleges that on July 9, 2014, Defendant Anthony DeCesaro denied his Step 3 grievance, which was improper because Defendant DeCesaro is a nonmedical officer. Based on these alleged facts, Plaintiff asserts a § 1983 claim for the denial of his Eighth Amendment right to be free from deliberate indifference to his medical needs.

The Eighth Amendment prohibits prison officials from being deliberately indifferent to the serious medical needs of prisoners in their custody. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Mere negligence does not violate the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Even if a defendant's actions amounted to gross negligence, the constitutional claim still must be dismissed, because deliberate indifference requires a higher degree of fault than gross negligence. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990). Furthermore, *de minimis* infringements of constitutional rights are not actionable under 42 U.S.C. § 1983. *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979). Finally, Plaintiff must provide sufficient factual allegations indicating that Defendants "[knew] of and disregard[ed] an excessive risk to inmate health or safety; the [Defendants] must both be aware of facts from which the inference could be drawn that a substantial risk of

harm exist[ed], and [they drew] the inference." *Perkins v. Kansas Dep't of Corr.,* 165 F.3d 803, 809 (10th Cir. 1999) (internal quotation and citation omitted).

Plaintiff's factual allegations in the Second Amended Prisoner Complaint do not support a claim of deliberate indifference against Defendants because Plaintiff has failed to adequately plead their personal participation in his alleged constitutional deprivation.

An essential element of a § 1983 claim is an allegation that each named Defendant personally participated in the constitutional deprivation. *Dodds v. Richardson,* 614 F.3d 1185, 1194 (10th Cir. 2010). A defendant may be liable for personally engaging in the conduct constituting the deprivation, for controlling or directing the conduct, or for promulgating and/or implementing an official policy that caused the conduct to occur. *Martinez v. Milyard,* 440 Fed. Appx. 637, 638 (10th Cir. 2011)(*citing Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) *and Dodds,* 614 F.3d at 1199.) Liability under § 1983 does not lie, however, merely because an individual had general supervisory authority over another person who actually commits a constitutional deprivation. *Brown v. Montoya,* 662 F.3d 1152, 1164 (10th Cir. 2011).

Plaintiff mentions Defendants Soucie, VanMeter and DeCesaro only in conjunction with allegations that these Defendants rejected administrative grievances that he filed. Moreover, although Plaintiff indicates that Defendants Soucie and VanMeter are medical professionals, which might suggest that they had some direct responsibility for providing medical care, Plaintiff does not allege any facts regarding these Defendants' actions in the context of providing medical care. Rather, Plaintiff's allegations solely concern Defendants' responses to his grievances. The Tenth Circuit has made clear that "merely denying grievances is not 'personal participation' that will support a cause of action under § 1983." *Snyder v. Harris,* 406 Fed. Appx. 313, 319

(10th Cir. 2011); *Gallagher,* 587 F.3d at 1069.

Moreover, with respect to nonmedical Defendant DeCesaro, Plaintiff fails to allege that he engaged in conduct sufficient to establish his participation in the alleged constitutional violation.  Given Defendant DeCesaro's lack of medical training, he cannot be held liable unless Plaintiff's grievances put him on notice of an emergent medical need of which he ignored.  *Ankeney v. Hartley,* No. 09-cv-02085-CMA-MJW, 2010 WL 2004777, at *6 (D. Colo. Mar. 29, 2010) (citing *Bond v. Aguinaldo,* 228 F. Supp.2d 918, 920-21 (N.D. Ill. 2002)("Because deliberate indifference requires actual knowledge of a serious risk of harm, [Plaintiff] may not sue nonmedical personnel who denied his grievances.")); *Thomas v. Ortiz,* No. 07-cv-00400-WDM-MEH, 2007 WL 3256708, at *3-4 (D. Colo. Nov. 1, 2007) (holding that prison official deriving his knowledge of Plaintiff's alleged injury from grievance process is not personally liable unless he was directly involved in the alleged unlawful treatment).  Here, Defendant DeCesaro's involvement in the grievance process as a Step 3 Grievance Officer, does not evidence the type of neglect necessary to hold him constitutionally liable for Plaintiff's alleged injuries.  *Kikumura v. Osagie,* 461 F.3d 1269, 1293 (10th Cir. 2006) ("it is not enough to allege that [the] prison official failed to alleviate a significant risk that [they] should have perceived but did not ... [Rather,] a prisoner must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it.").

Therefore, Plaintiff has failed to plead a viable § 1983 claim against these Defendants and the Second Amended Prisoner Complaint must be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Second Amended Prisoner Complaint and the action are dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  11th  day of  February , 2015

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court